**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4456
_____

XUEYA ZENG,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A99-683-701)
Immigration Judge: Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2010

Before: FUENTES, VANASKIE and NYGAARD, Circuit Judges

(Opinion filed November 5, 2010 )
_____

OPINION
_____

PER CURIAM

     Xueya Zeng, a citizen of the People's Republic of China, entered the United States

in 2001 as a visitor. She overstayed her visa, and the Government subsequently charged

her with removability. Zeng conceded removability and applied for asylum, withholding,

and relief under the Convention Against Torture ("CAT"), claiming that as a mother of two children she would be forcibly sterilized on her return to China.

The Immigration Judge ("IJ"), while recognizing that the law was unclear in this area, granted Zeng asylum based on future persecution (either sterilization or a forced abortion if she became pregnant again). On the Government's appeal, the BIA reversed. The BIA remanded the matter, directing the IJ to decisions issued after the IJ's ruling, namely Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007), Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007), and Yu v. Attorney Gen. of the United States, 513 F.3d 346 (3d Cir. 2008).

On remand, relying on Matter of J-W-S- and concluding that Zeng had not shown that China had a policy of sterilizing persons because of the number of children born abroad, the IJ denied Zeng's applications. Zeng appealed. The BIA, rejecting Zeng's efforts to distinguish her case from the earlier BIA cases based on new and different evidence, dismissed her appeal.

Zeng presents a petition for review. We have jurisdiction over Zeng's petition under 8 U.S.C. § 1252. We consider questions of law *de novo*. See Gerbier v. Holmes, 280 F.3d 297, 302 n.2 (3d Cir. 2001). We review factual findings for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005).

First, she contends that the IJ did not consider the facts of her case when he based his denial largely on Matter of J-W-S-, and presents the related argument that the BIA should have remanded her case to the IJ for further fact-finding instead of reviewing the facts in her case *de novo*. Zeng is right that the IJ focused primarily Matter of J-W-S-.

2

However, the case, binding precedent for the IJ, is very similar to Zeng's. Also, the IJ did consider Zeng's testimony and documentation about others who faced sterilization, noting that except for saying that she knew of someone who returned from Sidney was sterilized, she did not present evidence that a person who had children in the United States faced sterilization on return to China. R. 60. He also surveyed the record. Id. ("Nothing has been submitted from any source that a person who has a child or children overseas would be sterilized.")

Even if the IJ did not discuss the evidence to the degree Zeng would have preferred, the BIA specifically addressed the evidence that Zeng highlighted on appeal as distinguishing her case from Matter of J-W-S-, including the 1997 Letter and 2003 Consular Information Sheet, describing them accurately as stating in pertinent part that China does not recognize dual-nationality of children born abroad to Chinese parents. R. 470, 619. The BIA also considered the 2006 Policy Statement, and cited information considered in Matter of J-W-S-, namely that the 2007 Country Report included information that children who are not registered as permanent residents of China are not counted against the number of children allowed under China's family planning laws. The BIA also cited Liu v. Attorney Gen. of the United States, in which we noted similar BIA findings based on the 2007 Country Report, and stated that "it seems entirely logical that Chinese officials would exclude United States citizens when considering its birth control policies, as such persons are likely to live in this country, at least if not registered as permanent residents of China." 555 F.3d 145, 150 n.5 (3d Cir. 2009). In considering the evidence, the BIA did not apply the wrong standards of review, which it correctly

3

identified as "clearly erroneous" for findings of fact and *de novo* for other issues.

Second, Zeng argues that the BIA did not give sufficient weight to her credible testimony regarding the enforcement of the one-child policy – in particular, her testimony that her mother, cousins, and other individuals were forcibly sterilized and that her children would be counted under the policy upon their return to China and their registration for school. The BIA did not mention Zeng's intent to register her children. (Zeng testified that she would register her children as members of the household so that they could attend school, a fact the IJ accepted in his first decision. R. 211 & 186. And the 2006 Country Report notes that "[w]ithout official residence status, it was difficult or impossible to gain full access to social services, including education." R. 299.) Furthermore, despite her presumed credibility, the BIA questioned whether sterilizations Zeng described as "forcibly" or "coercively" done were actually forced or coerced.

Nonetheless, other than the testimony that Zeng had heard from her mother, who had heard from someone else, that an unnamed person from Sidney had been sterilized on her return to China, R. 74-75, none of the reports of forcible sterilization related to Chinese nationals returning to their country of origin. As in Liu, the record supports the conclusion that the evidence does not establish that Chinese couples returning to China are subject to forced sterilization after giving birth to children in the United States. See 555 F.3d at 149-50; cf. Zheng v. Attorney Gen. of the United States, 549 F.3d 260, 268-69 (3d Cir. 2008).

More specifically, the evidence in the record does not support the conclusion that Zeng herself will be subject to forced sterilization on her return to China, whether or not

4

she registers her children.  See Huang v. United States INS, 421 F.3d 125, 129 (2d Cir. 2005).  Furthermore, the BIA's rejection of a claim of economic persecution based on potential fines (to the extent that Zeng sought to present such a claim) is supported by the record.  For these reasons, we hold that the BIA did not err in concluding that Zeng was not eligible for asylum, withholding, and CAT relief.  We will deny her petition for review.